OPINION OF THE COURT
Edward M. O’Gorman, J.
Plaintiffs seek an order enjoining the defendants from interfering with mail sent to plaintiffs, and an order restraining defendants from interfering with plaintiffs’ right to manage their own financial affairs.
Plaintiffs allege that the defendants withhold their social security checks until they negotiate said check to the defendants for the payment of their room and board. Defendants admit that they segregate the easily identifiable envelope containing the plaintiffs’ social security check and request the *138 plaintiffs to endorse said check to the defendants in payment of the plaintiffs’ rent.
 The statute guarantees the right of residents in private proprietary homes for adults to manage their own financial affairs (see Social Services Law, § 461-d, subd 3, par [d], eff Oct. 1, 1977). This statute removes from this court’s consideration the question of the benefits which might accrue to the plaintiffs by the use of the present procedures by the defendants, or the alleged danger of allowing plaintiffs to manage their own affairs. The Legislature has provided a statutory scheme which provides for the management of the financial affairs of persons incapable of doing so (Mental Hygiene Law, art 77), and has made provision for persons such as the plaintiffs to authorize the acts currently performed by the defendants (Social Services Law, § 461-dj subd 3, par [d]).
In the event that residents in defendants’ proprietary home, on those occasions on which they have negotiated their own checks, have either frivolously expended the proceeds or have, under the influence of alcohol or otherwise, created serious disturbances in nearby communities, as claimed by the defendants in this action, resort may be had to the appointment of a conservator for such persons, pursuant to article 77 of the Mental Hygiene Law. An alternative method of procedure is provided by section 461-d of the Social Services Law.
While plaintiffs have made a sufficient showing to justify a preliminary injunction, said injunction will be limited to the plaintiff Frances Lang. The purported release of claims executed by the plaintiff Christine Andres raises a question as to whether she is still a party to this action and entitled to injunctive relief. The affidavits submitted are insufficient, especially in light of the purported release, to enable the court to determine at this time the right to maintain this action as a class action. The application to maintain this action as a class action is denied, without prejudice to a renewal thereof upon proper supporting affidavits.
There being no opposition, the application by the plaintiff Frances Lang for permission to proceed as a poor person is granted. Said application by the plaintiff Christine Andres is denied, without prejudice to a renewal upon a showing of her status as a party to this action.
In view of the foregoing, the motion by the plaintiffs for a preliminary injunction is granted to the extent that the *139 defendants, their agents and other persons acting at their direction, are enjoined from requiring the plaintiff Frances Lang to negotiate her social security checks to the defendants as a condition to the delivery to her of the mail containing said checks, unless said plaintiff authorizes defendants to exercise control over said checks.
The motion by the plaintiff Christine Andres is denied, without prejudice to a renewal upon a clear showing of her status as a plaintiff in this action and that the purported release is not an authorization as set forth in section 461-d (subd 3, par [d]) of the Social Services Law.